Appeal of **LAFAYETTE PAGE**.          Docket No. 365.

An individual taxpayer is not entitled to deduct from gross income in his income tax return for 1920 an amount expended by him in 1920 for repairs to his residence which were intended to prepare the house for his personal occupation.

Submitted December 2, 1924; decided January 27, 1925.

*George S. Olive, C. P. A.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal involves personal income tax for the calendar year 1920. The case was submitted on a stipulation of facts from which the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a physician residing in Woodstock, Indiana. This appeal is from a deficiency in income tax amounting to $607.45, which results from the disallowance by the Commissioner of two items totaling $4,000.

2. In 1910 the taxpayer built a dwelling house in Woodstock for use as his personal residence. This house was constructed of shale brick, and the exterior was coated with stucco finish.

3. Knowing that he was to enter the military forces, in July of 1917, the taxpayer leased the house to Mr. L. C. Boyd for a term of one year commencing August 1, 1917. This lease was renewed for two additional years, or until July 31, 1920. At the conclusion of the extended lease the taxpayer desired to reoccupy the house as his residence. However, as Boyd was ill and was building a residence for himself, the taxpayer permitted him to remain on a month-to-month tenancy for two months, or until November 1, 1920.

4. During the tenancy of Boyd, and due to weather conditions, nearly all of the stucco finish on the exterior of the house had fallen off. No decorating or painting had been done to the interior of the building during the Boyd tenancy or for a number of years prior thereto. Anticipating his reentry into possession, and during the time of the month-to-month tenancy of Boyd, the taxpayer proceeded to restucco the exterior of the house and repaint and redecorate the interior in order to place it in a condition for him to move into as soon as it was vacated. On or about November 1, 1920, the taxpayer moved into the house and has occupied it as his residence ever since.

5. In his income-tax return for 1920 the taxpayer took as a deduction the sum of $4,000 as repairs. This amount was made up of $3,230.60 spent for stucco work on the exterior and $769.40 expended on repainting and redecorating the interior. He also included as income in his return the sum of $2,100 as rentals received from the house. The Commissioner disallowed the deductions sought. On the same return the taxpayer took as deduction for wear and tear on the house the amount of $600 and indicated on the return that he had previously taken $500 for the same purpose. This return was filed upon a cash receipts and disbursements basis.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

GRAUPNER: The taxpayer asserts error on the part of the Commissioner in disallowing the deductions sought in the amount of $4,000. He contends that such deductions are proper under section 214(a)(1) of the Revenue Act of 1918. The Commissioner relies upon section 215(c) of the same act to support his action.

The taxpayer's contention stands or falls upon the determination as to whether the expenditures were "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" as described in section 214(a)(1). There is no assertion that the house was used by him for the purpose of carrying on his professional practice or for any other purposes than that of residence. The fact that the property was rented from August 1, 1917, to November 1, 1920, forms the sole foundation of his claim. The house was built in 1910, and it may be safely assumed that it was stuccoed on the exterior and painted on the interior at that time. There is no evidence to show any stucco, painting, or

decorative work from that date until 1920, and the stipulation of facts before us contains the admission that " no painting or decorating had been done to the interior of the house during Boyd's tenancy or for a number of years." We therefore can not assume that any repair work of the character described had been done from the date of completion of the house until after August 1, 1920, when it was known that Boyd was going to move out and the taxpayer desired possession for his own residential use.

With this situation before us, can we consider that the replacement of the stucco and the repainting and redecorating of the interior were ordinary and necessary expenses paid in *carrying on* the trade or business of renting houses or a house? The wear and tear had extended over a period of probably ten years, during most of which time the taxpayer was in possession, and in only three of which years the property was leased for income purposes. At the time the restoration work was decided upon and begun, the taxpayer had no intention of renting the property for any further period and was doing the work for his own use.

Deterioration of property, such as is described in the facts before us, is a gradual process. While the stucco may have fallen off in one year, the course of its disintegration ran from year to year from the date that it was put on the house. We know that the taxpayer had taken allowance for wear and tear amounting to $1,100 for at least two years, and the record is silent on whether he took it for the preceding year. The conceded amount of deductions paid and allowed is, from the facts before us, the probable reasonable pro rata for wear and tear for the two years involved, and one of those years is the one in which the repairs considered in this appeal were made. We believe therefore that this appeal is governed by section 215(c) of the Revenue Act of 1918, which prohibits deductions for " any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made." Furthermore, it may well be said that, as the house was being restored for the personal residence purposes of the taxpayer, the expenditures were personal and not deductible under section 215(a). The amounts spent were properly capital or personal expenditures.